ANTHONY MASCI, PLAINTIFF, v. CHARLES YOUNG, DEFENDANT.

Decided November 16, 1931.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff, *Aaron L. Simon.*

For the defendant, *Kellogg & Chance.*

PER CURIAM.

Plaintiff obtained a verdict, at the Passaic Circuit, against the defendant in the amount of $14,000 for personal injuries received in an automobile accident.

The single question before us on defendant's rule to show cause why a new trial should not be granted is the claim that the damages awarded by the verdict are excessive.

Plaintiff is seventy years of age, a tailor by occupation, employed on piecework basis. Before receiving the injuries sued upon he made between two and three coats a week and earned between $23 and $25 for each coat. The principal injury was a comminuted fracture of the leg which caused the plaintiff to be twice placed in a cast, the first time for six weeks and the second time for about two and one-half months. In addition, some teeth were loosened and later came out, and there were a laceration of the scalp and a brain concussion. In the healing process of the fractured leg there ap-

pears to have been an overlapping of the bone, resulting in a shortening of the leg of an inch and a half with a probable percentage of impairment in the plaintiff's capacity for following his trade.

Our consideration of all the circumstances of the case, including the age of the plaintiff, brings us to the conclusion that the verdict was excessive. If the plaintiff will consent to a reduction of the verdict to the sum of $10,000, the rule will be discharged; otherwise the rule will be made absolute and a new trial ordered.